**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA**

REDBIRD BUSINESS GROUP, LLC;       )
REDBIRD BIOSCIENCE OKLAHOMA,       )
LLC; and RB REALTYCO, LLC,         )
                                   )
        Plaintiffs and            )
        Counter-Defendants,       )
                                   )
v.                                 )     Case No. CIV-20-098-JAR
                                   )
MATTHEW HARRISON,                  )
                                   )
        Defendant and             )
        Counter-Claimant.         )

<u>**OPINION AND ORDER**</u>

This matter comes before the Court on Defendant/Counterclaim Plaintiff Matthew Harrison's Motion to Clarify and Correct the Court's March 31, 2023 Order and Judgment to Include RB RealtyCo's Liability for All Payments as Guarantor (Docket Entry #182). Defendant/Counterclaim Plaintiff Matthew Harrison ("Harrison") seeks to have this Court amend the Opinion and Order and associated Judgment entered March 31, 2023 to address Harrison's claim for breach of the guaranty agreement by RB RealtyCo, LLC.

Harrison proceeds under Fed. R. Civ. P. 52(b) and 59(e). The former provides

> **(b) Amended or Additional Findings.** On a party's motion filed no later than 28 days after the entry of judgment, the court may

1

> amend its findings--or make additional findings--and may amend the judgment accordingly. The motion may accompany a motion for a new trial under Rule 59.

Fed. R. Civ. P. 52(b).

Generally, this rule applies to findings of fact and conclusions of law entered after a non-jury trial. Winkel v. Heimgartner, 2015 WL 5820965, at *1 (D. Kan. Oct. 5, 2015) (citation omitted). The purpose behind Fed. R. Civ. P. 52(b) is "to correct manifest errors of law or fact or, in some limited situations, to present newly discovered evidence." Fontenot v. Mesa Petroleum Co., 791 F.2d 1207, 1219 (5th Cir. 1986). However, Rule 52(b) should not be used "to introduce evidence that was available at trial but was not proffered, to relitigate old issues, to advance new theories, or to secure a rehearing on the merits." Id. The Court has "considerable latitude" when ruling on a Rule 52(b) motion, and the decision to grant or to deny the motion is within the Court's "sound discretion." Matthews v. C.E.C. Indus. Corp., 202 F.3d 282 (table), 1999 WL 1244491, at *7 (10th Cir. 1999).

A motion under Rule 52(b) may be made in conjunction with a motion for new trial under Rule 59. Fed. R. Civ. P. 52(b). In this instance, Harrison seeks to amend the judgment in accordance with Fed. R. Civ. P. 59(e). Rule 59(e) motions may be granted

when "the court has misapprehended the facts, a party's position, or the controlling law." <u>Servants of the Paraclete v. Does</u>, 204 F.3d 1005, 1012 (10th Cir. 2000).

The specific issue presented is whether this Court improperly failed to address Harrison's claim for breach of a guaranty agreement to guarantee payment to Harrison of all that was due him under the Employment Agreement with Redbird.   This Court determined that the issue need not be addressed, finding

> Harrison states in his Proposed Findings of Fact and Conclusions of Law that the additional claims for breach of the covenant of good faith and fair dealing, promissory estoppel, and breach of a guaranty need not be addressed, if he prevails on the breach of contract claim.   Since the damages for such additional claims would be duplicative of the damages awarded under the breach of contract claim, this Court finds it redundant to address those additional avenues for relief and will not do so further.

<u>Opinion and Order</u>, Doc. No. 173, p. 32, n.3.

Harrison contends that the breach of the guaranty still needs to be addressed in order to provide him an avenue of collection for the Judgment amount entered by this Court.   He also states that he did not state that the breach of guaranty did not need to be addressed but rather only the other pending claims which are clearly duplicative of the breach of contract claim.

For their part, the Redbird entities contend that the

statement in the footnote of the Opinion and Order was essentially correct.  They attribute the erroneous statement that Harrison basically waived the breach of guaranty claim to a "clerical mistake."

Without belaboring the point, this Court mistakenly included the breach of guaranty claim in the statement in Footnote No. 3 (now footnote 4 in the Amended Opinion and Order).  The breach of guaranty claim is clearly independent of the breach of contract claim and should be addressed in the Opinion and Order and the Judgment.  To that end, Harrison's Motion will be granted and an Amended Opinion and Order and Amended Judgment will be entered in order to correct a manifest error in fact which would clearly prejudice Harrison.

IT IS THEREFORE ORDERED that Defendant/Counterclaim Plaintiff Matthew Harrison's Motion to Clarify and Correct the Court's March 31, 2023 Order and Judgment to Include RB RealtyCo's Liability for All Payments as Guarantor (Docket Entry #182) is hereby **GRANTED**. A separate Amended Opinion and Order and Amended Judgment will be entered consistent with this ruling.

IT IS SO ORDERED this 27th day of March, 2024.

_____
JASON A. ROBERTSON
UNITED STATES MAGISTRATE JUDGE

4