```
          IN THE UNITED STATES DISTRICT COURT FOR THE
                  EASTERN DISTRICT OF OKLAHOMA

REDBIRD BUSINESS GROUP, LLC;      )
REDBIRD BIOSCIENCE OKLAHOMA,      )
LLC; and RB REALTYCO, LLC,        )
                                  )
          Plaintiffs and          )
          Counter-Defendants,     )
                                  )
v.                                )   Case No. CIV-20-098-JAR
                                  )
MATTHEW HARRISON,                 )
                                  )
          Defendant and           )
          Counter-Claimant.       )
```

## OPINION AND ORDER

This matter comes before the Court on Defendant/Counterclaimant's Motion to Review Taxation of Costs (Docket Entry #190). This Court conducted a hearing to receive oral argument on this Motion.

Counterclaimant seeks a court review of the denial of the vast majority of the costs he requested in a Bill of Costs by the Clerk of this Court. On April 14, 2023, Counterclaimant filed a Bill of Costs. (Doc. No. 175). He requested reimbursement in the following general areas:

| | |
|---|---|
| Fees for service | $    445.00 |
| Fees for transcripts | $10,532.15 |
| Fees for printing | $ 1,363.20 |
| Total | $12,340.35 |

Accompanying the Bill of Costs was a Declaration from Counterclaimant's counsel, Luke Connelly, and a single page containing a breakdown of the claimed costs. (Doc. No. 176). Counterclaim Defendants filed a response, contesting the costs requested. The bases for the objection were that Counterclaimant set out conclusory statements on the necessity for the incurrence of the costs, a lack of specificity as to the need for the printing, trial transcripts were only for the convenience of counsel and not due to necessity, vague descriptions of the transcripts obtained, charge for real time transcripts, which are not permitted costs, and the lack of a showing that depositions were necessarily obtained for use at trial. (Doc. No. 179).

On May 26, 2023, the Clerk of Court entered an Order Taxing Costs. The Clerk determined that Counterclaimant had provided "no receipts, invoices or other documentation in support of the Bill of Costs." (Doc. No. 189, p. 1). The Clerk agreed that the Counterclaimant was the prevailing party but awarded only the costs for service totaling $445.00. Id.

Fed. R. Civ. P. 54 provides the basis for the recovery of costs in stating

> **(d) Costs; Attorney's Fees.**
> **(1)** *Costs Other Than Attorney's Fees.* Unless a federal statute, these rules, or a court order provides otherwise, costs--other than attorney's fees--should be allowed to the prevailing party. But costs against the United States, its officers, and its agencies may be

2

>imposed only to the extent allowed by law. The clerk may tax costs on 14 days' notice. On motion served within the next 7 days, the court may review the clerk's action.

Fed. R. Civ. P. 54(d).

The local rules for this District provides further guidance and requirements for the prevailing party to obtain costs.  EDOK LCvR 54.1 provides

>Costs.
>(a) A prevailing party who seeks to recover costs against an unsuccessful party pursuant to 28 U.S.C. § 1920 shall file a bill of costs on the form provided by the Court Clerk and support the same with a brief. The bill of costs and brief shall be filed and served not more than fourteen (14) days after entry of judgment. The bill of costs and brief shall be a separate document from the motion for legal fees and its brief.
>
>(b) The original of the verified bill of costs shall have endorsed thereon proof of service upon the opposite party. **The prevailing party shall provide either receipts, documents or an affidavit in support of the requested itemized costs.** Objections to the allowance of costs must be filed within fourteen (14) days from the date the bill of costs was filed.

EDOK LCvR 54.1 (emphasis added by Court).

The Court will consider each category of costs for which recovery is sought in turn.

1) **Reproduction Costs** – Counterclaimant seeks to recovery of the cost for reproducing some 11,360 documents. Pursuant to 28 U.S.C. § 1920(3) and (4), the prevailing party may recover the

3

costs of fees related to copying and printing. 28 U.S.C. § 1920(3)-(4). Fees for printing and copying must be "reasonably necessary to the litigation of the case." Furr v. AT & T Technologies, Inc., 824 F.2d 1537, 1550 (10th Cir.1987); see also Mitchell v. City of Moore, 218 F.3d 1190, 1204 (10th Cir. 2000). Documents produced "solely for discovery" do not meet this standard. In re Williams Sec. Litig.-WCG Subclass, 558 F.3d 1144, 1148 (10th Cir. 2009) (citing Furr, 824 F.2d at 1550). Materials "merely 'added to the convenience of counsel' or the district court" are not recoverable. Id. at 1147-1148. The "prevailing party bears the burden of establishing the costs to which it is entitled." Cohlmia v. St. John Med. Ctr., 693 F.3d 1269, 1288 (10th Cir. 2012) (citing Allison v. Bank One-Denver, 289 F.3d 1223, 1248 (10th Cir. 2002)). Additionally, the amount requested "must be reasonable." Id.

Citing EDOK LCvR 54.1(b), Counterclaimant maintains that he provided a declaration to justify the incurrence and reimbursement of the copying of over 11,000 documents. Indeed, counsel for Counterclaimant provides a declaration appended to the original Bill of Costs presented to the Clerk. However, it merely contains the regurgitated language of the case authority that all of the costs set out in the Bill of Costs were "necessarily incurred in the case." (Doc. No. 175, Exh. No. 1). This is insufficient for Counterclaimant to sustain his burden of demonstrating that the copying costs were necessarily incurred without delving into the

4

prohibited purposes stated in the case law. There is simply no way for the necessity to be determined from a declaration with boilerplate language. Copying costs will, therefore, be denied.

**2)   Service Costs** – These fees amounting to $445.00 are uncontested and were awarded by the Clerk.

**3)   Transcript Costs** – Counterclaimant seeks reimbursement for the deposition transcripts of witnesses Namish Patel, M.D., Joe Byars, William A. Thurman, Jack Weinstein, Stacy Wright, Rita Bintliff, Tom Harrison, and Matt Harrison. Counterclaimant also seeks reimbursement for Realtime transcript amounting to $1,430.10 and "Ordinary Original and Ordinary 1st Copy of Transcript of Proceedings" at a cost of $1,647.10.

For the expense of a transcript to qualify as a taxable cost, the transcript must be "reasonably necessary to the litigation of the case." Mitchell, 218 F.3d at 1204; see also In re Williams, 558 F.3d at 1148. Reasonably necessary "does not mean that the transcript must have been indispensable to the litigation to satisfy this test; it simply must have been necessary to counsel's effective performance or the court's handling of the case." Burton v. R.J. Reynolds Tobacco Co., 395 F. Supp. 2d 1065, 1078-79 (D. Kan. 2005) (quoting 10 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice & Procedure* § 2677, at 438-40 (3d ed. 1998))(internal quotations omitted). "[A] court must find

that daily copy was necessarily obtained, as judged at the time of transcription." Id. at 1078.

Counterclaimant does not provide any basis for the extra expense for Realtime transcripts or the "ordinary original" and their incurrence is not obvious from the statement provided. These costs will be disallowed.

Despite not providing an explanation for the eight deposition transcripts, this Court would be ignoring the nature of these proceedings in disallowing these costs. The bench trial of this case relied heavily upon deposition testimony, both at trial and in the preparation of the proposed findings of fact and conclusions of law ordered by this Court. These depositions were crucial to assist the Court and the parties in the presentation of evidence and preparation of this Court's Opinion and Order. The cost of these depositions in the amount of $7,454.95 will be permitted as necessarily incurred.

IT IS THEREFORE ORDERED that Defendant/Counterclaimant's Motion to Review Taxation of Costs (Docket Entry #190) is hereby **GRANTED**. Costs are awarded to Counterclaimant Matthew Harrison in the total amount of $7,899.95.

IT IS SO ORDERED this 27th day of March, 2024.

_____
JASON A. ROBERTSON
UNITED STATES MAGISTRATE JUDGE