```
         IN THE UNITED STATES DISTRICT COURT FOR THE
                 EASTERN DISTRICT OF OKLAHOMA

REDBIRD BUSINESS GROUP, LLC;     )
REDBIRD BIOSCIENCE OKLAHOMA,     )
LLC; and RB REALTYCO, LLC,       )
                                 )
         Plaintiffs and          )
         Counter-Defendants,     )
                                 )
v.                               )   Case No. CIV-20-098-JAR
                                 )
MATTHEW HARRISON,                )
                                 )
         Defendant and           )
         Counter-Claimant.       )
```

## OPINION AND ORDER

This matter comes before the Court on Defendant/Counterclaimant's Motion for Award of Attorneys' Fees and Non-Taxable Expenses (Docket Entry #178). This Court conducted a hearing to receive oral argument on this Motion.

As has been well-documented in the filings herein, the dispute between the parties to this case arose from an Employment Agreement authored by Plaintiffs Redbird Business Group, LLC, Redbird Bioscience Oklahoma, LLC, and RB RealtyCo, LLC's (hereinafter referred to collectively as "Redbird") attorney with input from Defendant Matthew Harrison ("Harrison") in an attempt to secure Harrison's employment with Redbird. Redbird asserted claims for (1) a declaratory judgment that the Employment Agreement and certain securities known as Restricted Unit Grant Agreements ("RUGAs") were procured by Harrison's fraud and are, therefore,

null and void; (2) a declaratory judgment the Agreement and RUGAs were properly rescinded because Harrison breached the warranty contained in the agreements that he was not under a contractual limitation which would prevent his employment with Redbird; and (3) unspecified damages. (Third Amended Complaint filed September 11, 2020 (Docket Entry #27)).

Harrison filed a counterclaim against Redbird for (1) breach of contract; (2) breach of good faith and fair dealing; (3) promissory estoppel; and (4) breach of guaranty. (Amended Counterclaim filed September 25, 2020 (Docket Entry #29)). As reflected in the Amended Opinion and Order and Amended Judgment entered on this date after a non-jury trial, this Court determined Redbird would not prevail on any of its claims while Harrison would prevail on his breach of contract and breach of guaranty claims. Harrison was awarded damages in the amount of $437,500.00 and specific performance in the assignment of the unit grants in the percentages set out in the Amended Opinion and Order. (Docket Entry #198 and #199).

Among the provisions of the Employment Agreement was a section pertaining to Harrison's reimbursement for securing legal counsel. Specifically, Section 20 of the Employment Agreement provides

> 20. <u>Enforcing Compliance</u>. If Executive (Harrison) needs to retain legal counsel to enforce any of the terms of this Agreement either as a result of noncompliance by the Company (Redbird) or a legitimate dispute as

2

> to the provisions of the Agreement, then any fees incurred in such expense by Executive **shall be reimbursed wholly and completely** by the Company if Executive prevails in such legal proceedings.
>
> (Pl. Exh. No. 1, ¶20)(emphasis added by this Court).

The evidence at trial indicated that the Employment Agreement that was signed by all parties was strenuously negotiated between sophisticated business people in an arms-length transaction. Legal counsel was employed to draft the documents. No evidence of subterfuge, misrepresentation, or fraud in the negotiations and formulation of the terms of the Employment Agreement, generally, or Paragraph 20, specifically, was presented at trial. Joe Byars, the lawyer representing Redbird, drafted that Employment Agreement with the knowledge that Paragraph 20 presented a one-way favorable term to Harrison but included it in the final draft with that knowledge. Although he believed Paragraph 20 is "tempered by reasonableness," he did not include a provision for a "reasonableness" assessment in the express language of the fee clause. Paragraph 20 may have given Byars "pause", but not enough to require its exclusion from the Employment Agreement. (Docket Entry #152, Pt. 2, p. 544, l. 2 through p. 545 l. 17).

Through the pending Motion, Harrison requests an award of legal fees incurred by him in this litigation in the total amount

3

of $1,212,552.00[1] in fees and $22,529.07 in non-taxable expenses. This request includes the time incurred by a partner, two associates, a docket attorney, and a paralegal from Winston & Strawn, LLP – counsel from New York as well as four shareholders and a paralegal from GableGotwals – counsel from Tulsa.  Some of these counselors provided minimal work for the case – two of the shareholders for GableGotwals provided some $612.50 in fees.  The hourly rates range from $1,020.00 to $292.00 from the New York counsel and support staff and $515.00 to $200.00 per hour from counsel and support staff from Tulsa.  The case was litigated for over three years through discovery, summary judgment, and a bench trial involving interpretation of the laws in the State of New York, which was specified as the controlling law under the Employment Agreement.

    The express language of Paragraph 20 contemplates no analysis of the reasonableness of the fees requested – only that legal counsel was retained by Harrison (1) to enforce any of the terms of the Employment Agreement; (2) so that the enforcement was as a result of noncompliance or a legitimate dispute over the terms of the Employment Agreement; (3) and Harrison prevailed in the resulting legal proceedings.  Harrison retained counsel to enforce Redbird's noncompliance with the terms of the Employment Agreement

---

[1] This modified amount is set forth in Counterclaimant's reply after an adjustment.

and Harrison prevailed in the trial of this case. By the negotiated terms of the Employment Agreement, Harrison is entitled to be "wholly and completely" compensated for the totality of the fees he incurred as a result of Redbird's non-compliance with the Employment Agreement.

The Tenth Circuit has addressed a strikingly similar situation. In U.S. for Use of C.J.C., Inc. v. W. States Mech. Contractors, Inc., 834 F.2d 1533 (10th Cir. 1987), the agreement between the parties did not include a provision for the assessment of the "reasonableness" of the fees requested, but merely provided that, "Should the account be referred to an attorney for collection, the undersigned shall pay all attorney's fees and collection expenses." Id. at 1547.

The Tenth Circuit determined that

> [W]here contracting parties have agreed that a breaching party will be liable for attorneys' fees, the purpose of the award is to give the parties the benefit of that bargain, and the court's responsibility is to enforce that bargain. Normally, where the court is merely enforcing a contractual provision authorizing attorneys' fees, the fees are routinely awarded and the contract is enforced according to its terms.
>
> Id. at 1548 citing Fortier v. Dona Ana Plaza Partners, 747 F.2d 1324, 1337-38 (10th Cir. 1984)(applying New Mexico law); Engel v. Teleprompter Corp., 732 F.2d 1238, 1241 (5th Cir.1984); Austin v. Parker, 672 F.2d 508, 518-20 (5th Cir. Unit A 1982); 6 *Moore's Federal Practice* ¶ 54.78[2] (1987).

The Court went on to acknowledge that

> This does not mean, however, that the trial court should simply award the full amount billed by the prevailing party's attorneys. We reject Hugg's argument that the contract necessarily requires the recovery of *all* attorneys' fees. Clearly, the trial court has discretion to adjust or even deny a contractual award of fees if such an award would be inequitable or unreasonable.

Id. at 1548 citing United States ex rel DeBlasio Constr., Inc. v. Mountain States Constr. Co._,_ 588 F.2d 259, 263 (9th Cir.1978) (affirmed trial court's decision to deny fees where recovering party was partly at fault); Gorman Pub. Co. v. Stillman_,_ 516 F.Supp. 98, 113 (N.D.Ill.1980) (court's power to deny contractual award of attorneys' fees as inequitable or unreasonable is based on "implied covenant of good faith and fair dealing"); United States v. Hankins Constr. Co._,_ 510 F.Supp. 933, 940 (E.D.Mo.1981) (denied contract award of attorneys' fees to Miller Act defendant where it would have been "inequitable").

The Court also noted the Fifth Circuit's position that

> "Where attorney's fees are provided by contract, a trial court does not possess the same degree of equitable discretion to deny such fees as it has when applying a statute providing for a discretionary award." Of course, it may nevertheless, reduce the contractual attorney's fees claimed if it finds such an award "would be inequitable and unreasonable."

Id. at 1549 citing General Elec. Credit Corp. v. Oil Screw Triton, VI, 712 F.2d 991, 995 (5th Cir. 1983) (quoting in part Cable

Marine, Inc. v. M/V Trust Me II*, 632 F.2d 1344, 1345 (5th Cir. Unit B 1980)).

The Court concluded that

> We adopt this as the appropriate standard to apply to Hugg's claim for attorneys' fees. In other words, the trial court's role is to determine if the claimed fees are inequitable or unreasonable. If so, the trial court has discretion to deny or reduce the fee award. However, the trial court is not responsible for independently calculating a "reasonable" fee.

Id.

After reviewing the contemporaneous time and expense records provided by Harrison's counsel, this Court is hard pressed to conclude that the fee requested is either inequitable or unreasonable. The parties bargained for the payment of Harrison's legal fees "wholly and completely" without a requirement for reasonableness and this Court has evaluated the request keeping the parties bargain in mind. Both sides were compelled to procure the services of counsel in both New York and Oklahoma since both states' laws were implicated. From the information presented in the briefing, the hourly rates charged by counsel were in line with those typical in both states for attorneys of like experience and expertise as were present in this litigation. Harrison both defeated the claims brought against him, including allegations of fraud, and succeeded in prosecuting his claims for breach of contract and guaranty. He was wholly and completely successful in

7

the relief he obtained and, therefore, his counsel should be compensated "wholly and completely" for their exemplary services.

The same reasoning does not apply to the non-taxable expenses accrued by Harrison and requested in his Motion. Nothing in the contractual language provides for the reimbursement of expenses, outside of those statutorily permitted. As a result, the request for expenses will be denied *in toto*.

IT IS THEREFORE ORDERED that Defendant/Counterclaimant's Motion for Award of Attorneys' Fees and Non-Taxable Expenses (Docket Entry #178) is hereby **GRANTED**, in part, in that attorneys' fees are awarded in the total amount of $1,212,552.00. The request for the reimbursement of non-taxable costs is hereby **DENIED**.

IT IS SO ORDERED this 28th day of March, 2024.

_____
JASON A. ROBERTSON
UNITED STATES MAGISTRATE JUDGE