# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| REDBIRD BUSINESS GROUP, LLC; REDBIRD BIOSCIENCE OKLAHOMA, LLC; and RB REALTYCO, LLC,<br><br>    Plaintiffs and Counter-Defendants,<br><br>v.<br><br>MATTHEW HARRISON,<br><br>    Defendant and Counter-Claimant. | Case No. CIV-20-098-JAR |

## OPINION AND ORDER

This Court considers the following three matters pending in this case: (1) Judgment Creditor Matthew Harrison's Opposed Application to Set Continued Asset Hearings (Docket Entry No. 237); (2) Judgment Creditor Matthew Harrison's Motion to Compel William Thurman and Nimesh Patel to Appear for Deposition (Docket Entry No. 238); and (3) Judgment Debtors' Opposed Motion Requesting Judicial Notice (Docket Entry No. 246). Judgment was entered in this case in favor of Judgment Creditor Harrison on March 31, 2023. *Doc. Ent. No. 174.* An Amended Judgment was entered on March 27, 2024 to address an additional claim. *Doc. Ent. No. 199.* Judgment Creditor Harrison was awarded $437,500.00 on his counterclaim and by separate orders $1,212,552.00 in attorneys' fees, $7,899.95 in recoverable costs, and $100,078.13 in prejudgment interest. *Doc. Ent. Nos. 200, 201, and 202.* Judgment Debtors soon appealed the awards on April 26, 2024. *Doc. Ent. No. 203.* Soon thereafter, Judgment Creditor Harrison began his efforts at collection by conducting a series of asset hearings. On September 5, 2024, the appeal was dismissed by the Tenth Circuit Court of Appeals and a mandate issued.. *Doc. Ent. No. 218*

*and 219.* In doing so, the Tenth Circuit granted Judgment Debtors' voluntary dismissal of the appeal. *Id.*

Through the motion to set a continued asset hearing, Judgment Creditor Harrison seeks to require Judgment Debtors to produce William Thurman and Nimesh Patel as their corporate representatives for examination at an asset hearing. This Court agrees with the Judgment Debtors that the designation of the corporate representative for examination is in the purview of the organization sought to be examined. Fed. R. Civ. P. 30(b)(6)(" The named organization must then designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf"); *see also* Legal Tender Servs v. The Hanover Insurance Co., 2018 WL 10152303, *1 (D. Utah Jan. 5, 2018)("Under the plain language of the rule, it is the corporation that designates a deponent to testify on its behalf---not the party conducting the deposition."). Judgement Creditor Harrison has sufficiently demonstrated, however, that a further asset hearing is warranted to determine the status and whereabouts of Judgment Debtors' assets to satisfy his judgment.

Moreover, while Judgment Debtors are permitted to designate their corporate representative, Judgment Creditor Harrison has shown that William Thurman and Nimesh Patel may possess specific knowledge of the corporate structures of the Judgment Debtors and the location of recoverable assets. Nothing in Rule 30(b)(6) or the case authority prevents Judgment Creditor Harrison to depose specific persons who he has uncovered may have information on the Judgment Debtors' assets. And that is precisely what he has done – he has noticed the two named individuals for deposition based upon information developed not a corporate representative. . *Doc. Ent. No. 238, Exh. No. 1 and 2.* Based upon the arguments made and the information provided, those depositions will be permitted.

As a final matter, Judgment Debtors' request that this Court take judicial notice of their briefing in a separate case brought by Judgment Creditor Harrison to pierce the corporate veil of Judgment Debtors in attempt to collect on the judgment.  *See* Harrison v. Thurman, et al., CIV-24-329-JFH-GLJ.  In that briefing, Judgment Debtors in essence argue that the judgment entered in this case is invalid and requests this Court "consider the impact of that briefing before ruling on Harrison's requests to continue the asset hearing and compel depositions."  The impact of the arguments have been considered and they are of no moment to this case.  The judgment sought to be enforced is final and unappealable, with the appeal having been voluntarily dismissed by the Judgment Debtors.  The validity of the judgment has never been challenged in this case.  Since the arguments have no impact on the judgment, judicial notice of the briefing in another collection case is unnecessary.

IT IS THEREFORE ORDERED that Judgment Creditor Matthew Harrison's Opposed Application to Set Continued Asset Hearings (Docket Entry No. 237) is hereby **GRANTED**.  Judgment Debtors shall designate corporate representatives which shall appear before the Court on **MARCH 19, 2025 AT 10:00 A.M.** to answer questions concerning their property.  Judgment Debtors are reminded that an injunction remains in place precluding them from alienating, concealing, or encumbering any of their nonexempt property pending the hearing and further order of the Court.

IT IS FURTHER ORDERED that Judgment Creditor Matthew Harrison's Motion to Compel William Thurman and Nimesh Patel to Appear for Deposition (Docket Entry No. 238) is hereby **GRANTED**.  Messrs. Thurman and Patel shall appear for deposition by the Judgment Creditor and his attorneys in accordance with the deposition subpoenas served upon them to appear on **MARCH 19, 2025 AT 9:00 A.M.**, or such other mutually agreeable time thereafter.

IT IS FURTHER ORDERED that Judgment Debtors' Opposed Motion Requesting Judicial Notice (Docket Entry No. 246) is **DENIED**.

IT IS SO ORDERED this 14th day of March, 2025.

_____
JASON A. ROBERTSON
UNITED STATES MAGISTRATE JUDGE

4