# **EXHIBIT D**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| Matthew Harrison, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| (1) William Thurman, | ) |
| (2) Nimesh Patel, | ) |
| (3) New Redbird Business Group, LLC, | ) |
| (4) Redbird Realty, LLC, | ) |
| (5) RBBG Development Partners, LLC, | ) Case No. 6:24-CV-00329-JFH GLJ |
| (6) Mariteq Growers LLC d/b/a Redbird Growers, | ) |
| (7) Mariteq Processors LLC d/b/a Redbird Bioscience, | ) |
| (8) Stillwell Technology Property LLC, | ) |
| (9) RB Bioscience Stillwell LLC, | ) |
| (10) Tactical Transportation LLC, | ) **JURY TRIAL DEMANDED** |
| (11) Redbird OKC MM Processing LLC, | ) |
| (12) Redbird Ventures, LLC, | ) |
| (13) BTX7 Holdings LLC, | ) |
| (14) DKNS LLC, | ) |
| (15) RB Crew LLC, | ) |
| (16) Redbird Bioscience Oklahoma, LLC, | ) |
| (17) RB RealtyCo, LLC, and | ) |
| (18) Redbird Business Group, LLC, | ) |
| | ) |
| Defendants. | ) |

## DEFENDANTS' SUR-REPLY TO PLAINTIFF'S REPLY TO DEFENDANTS' SUPPLEMENTAL BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS

Polina M. DeClue
BREWER, ATTORNEYS & COUNSELORS
1717 Main Street, Suite 5900
Dallas, Texas 75201
Phone: (212) 489-1400
Fax: (212) 751-2849
pmd@brewerattorneys.com

COME NOW, all Defendants in this action, by and through their counsel, and, pursuant to this Court's minute order (Dkt. 116), respectfully submit this Sur-Reply to Plaintiff's Reply to Defendants' Supplemental Brief in support of their Motion to Dismiss (Dkt. 114).

## I. PRELIMINARY STATEMENT

Plaintiff's Reply mischaracterizes the legal standard for voidness and the consequences of enforcing a judgment derived from a business engaged in federally illegal activities. Plaintiff attempts to frame this as a routine judgment enforcement matter, yet the core issue remains: a federal court cannot enforce a judgment that derives from or requires participation in conduct that violates the Controlled Substances Act ("**CSA**"). Precedent is clear—courts refuse to enforce judgments or contracts that mandate federally prohibited activity.

Plaintiff's reliance on *Bartch v. Barch* is misplaced. *Bartch* does not provide blanket protection for judgments involving marijuana-related contracts. Rather, the court in *Bartch* specifically acknowledged that enforcement of a judgment could become impermissible *if* compliance requires CSA violations. Here, the judgment mandates the transfer of ownership interests in a cannabis business and the transfer of funds derived from federally illegal activity—actions that are unlawful under federal law. Therefore, enforcement of the judgment is impermissible.

1

## II. ARGUMENT

### A. The Judgment is Void.

#### i. *Plaintiff Misapplies Rule 60(b)(4) Standards.*

Plaintiff asserts that relief to vacate a judgment is only available under Fed. R. Civ. P. 60(b). (Dkt. 117 at p. 2). This is incorrect. A void judgment can be attacked at any time[1], in any court, either directly or collaterally, provided that the party is properly before the court.[2] While Rule 60 provides a procedural mechanism for vacating a judgment, it does not limit the inherent authority of courts to vacate void judgments *sua sponte*.[3] Indeed, "appellate courts routinely conclude that a trial court may grant such relief *sua sponte* so long as the court provides notice satisfying due process requirements."[4] In sum, when a judgment is void, it is a legal nullity, and any court recognizing such a defect is obligated to vacate it.[5]

Further, Plaintiff misinterprets the standard for voidness under Rule 60(b)(4). While

---

[1] Plaintiff's assertion that "it is far too late to raise an affirmative defense [of illegality] after a final judgment" (Dkt. 117 at p. 8) fundamentally misinterprets the nature of the issue at hand. The defense of illegality is not merely an affirmative defense that must be raised at a specific stage of litigation—it is a challenge to the validity of the judgment itself.

[2] *See United States v. Thompson*, 941 F.2d 1074, 1080 (10th Cir. 1991) (recognizing that "void judgments are subject to collateral attack"); *see also V.T.A., Inc. v. Airco, Inc.*, 597 F.2d 220, 224 n. 9 (10th Cir.1979) (holding that "if a judgment is void, it is a nullity from the outset").

[3] *In re Parr*, No. BAP CO-18-084, 2019 WL 365748, at *6 (10th Cir. BAP (Colo.) Jan. 30, 2019), *aff'd,* 778 Fed. Appx. 569 (10th Cir. 2019); *see also Fort Knox Music Inc. v. Baptiste*, 257 F.3d 108, 111 (2d Cir. 2001) (concluding on remand, that a district court had authority to vacate an original judgment *sua sponte*).

[4] *In re Parr*, 2019 WL 365748, at *6.

[5] *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) (holding that courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party."); *Daigle v. Shell Oil Co.*, 972 F.2d 1527, 1539 (10th Cir. 1992) ("[O]ur responsibility to ensure even *sua sponte* that we have subject matter jurisdiction before considering a case differs from our discretion to eschew untimely raised legal theories which may support that jurisdiction.").

2

Plaintiff cites that a judgment is premised on a "certain type of jurisdictional error or on a violation of due process" (Dkt. 117 at pp. 1–2), Plaintiff focuses on the latter, arguing that no due process violation occurred here because "Judgment Debtors . . . had notice and an opportunity to be heard." However, this argument sidesteps the crux of the issue—the judgment is void due to a defect that the Court cannot remedy. Plaintiff's reply makes no attempt to address well-established precedent holding that a judgment requiring actions contrary to federal law is inherently void.

As already outlined in Defendants' supplemental brief, federal courts do not have jurisdiction to enforce rights that require participation in federally prohibited activities.[6]

### ii. *Bartch* Does Not Shield an Illegal Judgment from Collateral Attack.

Plaintiff's argument under *Bartch* similarly **does not** support enforcement of the judgment. On the contrary, as cited in Plaintiff's own reply, *Bartch* recognized that a judgment *is* void if there is a "total want of jurisdiction."[7] Contrary to Plaintiff's assertion, the Tenth Circuit did not hold that final judgments enforcing contract terms in the marijuana industry are *de facto* not void.[8] Such an interpretation contorts the court's analysis. Rather, the court in *Bartch* did not endorse blanket enforcement of such judgments but instead found that the record in that case was insufficiently developed to determine whether enforcement would indeed conflict with the CSA.[9] Here, by contrast, there is no such factual uncertainty: the judgment at issue unquestionably compels participation in a cannabis business transaction, which directly implicates federal illegality under the CSA.[10] Unlike *Bartch*, there is no ambiguity regarding whether enforcement would require

---

[6] Dkt. 114 at p. 12.

[7] *Bartch v. Barch*, 111 F.4th 1043, 1054 (10th Cir. 2024).

[8] *See id.*

[9] *Id.* at 1062.

[10] *See* Defendants' discussion in Dkt. 114 at pp. 16–19.

3

violating federal law—it undeniably does.[11]

### B. The Judgment Cannot Be Enforced Without Violating Federal Law.

#### i. Plaintiff's Attempt to Distinguish Judgment Enforcement from Contract Claims is Misplaced.

Plaintiff next contends that enforcing a judgment differs from enforcing an illegal contract. However, this distinction is meaningless where the judgment itself ***requires*** unlawful activity. Courts have repeatedly refused to enforce judgments when doing so would be contrary to their jurisdictional limits,[12] and enforcing a judgment that contravenes federal law (the CSA) falls squarely outside of this federal court's jurisdictional power.[13] As such, the cited precedent in Defendants' supplemental briefing is instructive to this Court's actions.

#### ii. Plaintiff Fails to Refute that Judgment Enforcement Necessitates CSA Violations.

Plaintiff also fails to meaningfully address the core issue: the judgment mandates what federal law prohibits. The underlying judgment requires Defendants to transfer ownership interests in cannabis businesses, which is not legally permissible.[14] Plaintiff's assertion that he only seeks monetary recovery does not change the fact that the source of recovery is inextricably intertwined

---

[11] *Bartch*, 111 F.4th at 1062 (citing to *Sensoria, LLC v. Kaweske,* 581 F. Supp. 3d 1243, 1259 (D. Colo. 2022) ("A Colorado federal district court recently said it would decline payment or redress from any income stream that would be illegal under the CSA.")

[12] *See, e.g., Ute Indian Tribe of Uintah and Ouray Reservation v. McKee*, 32 F.4th 1003, 1011 (10th Cir. 2022) (concluding that a district court cannot enforce a tribal court's judgment where the trial court lacked jurisdiction in the first place to enter the judgment); *Head Kandy, LLC v. McNeill*, No. 23-CV-60345, 2024 WL 4502227, at *3 (S.D. Fla. Oct. 16, 2024) (stating that "[t]he Court should not—and cannot—enforce an order or contract provision that is illegal.").

[13] *United States v. Oakland Cannabis Buyers' Co-op*., 532 U.S. 483, 497 (2001) (holding that "a court sitting in equity ***cannot 'ignore the judgment of Congress***, deliberately expressed in litigation.") (quoting *Virginian R. Co. v. Railway Employees*, 300 U.S. 515, 551 (1937) (emphasis added).

[14] Dkt. 114 at pp. 16–17.

with federally illegal conduct.

Moreover, Plaintiff's so-called "documentary evidence" (*see* Dkt. 117 at p. 6) purporting to show Defendants' non-marijuana assets is not evidence at all. Instead, this is the same list of alleged transfers and loans that Plaintiff cites as "fraudulent" in his Complaint—all of which were conducted as part of Defendants' operations in their marijuana business. At this stage, these notes and transactions are merely references to funds tied to separate business entities—entities that Plaintiff has not yet established as legally responsible for satisfying the judgment. But this Court need not engage in further evaluation of whether these entities may be held responsible. Regardless, no recovery can be obtained from these because, under the CSA, no "property right shall exist" for "all moneys, negotiable instruments, securities, or other things of value . . . all proceeds traceable to such an exchange, and ***all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of this subchapter***.[15] Because these alleged transfers and notes were carried out in the normal course of business within an industry that remains federally illegal, they cannot serve as a basis for Plaintiff alleging that non-marijuana assets exist.[16]

Plaintiff's failure to grapple with the fundamental issue tells the story. Rather than addressing the direct conflict between enforcement and the CSA, Plaintiff attempts to evade the issue by suggesting that his claims are merely about judgment collection. But the fact remains that

---

[15] 21 U.S.C. § 881(a)(6) (emphasis added); *see also* § 881(a)(7) (establishing that no "property right" exists in "[a]ll real property, including any right, title, and interest (including any leasehold interest) . . . which is used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, a violation of this subchapter.")

[16] *See e.g., United States v. $13,000.00 in U.S. Currency, 2007 Black Dodge Ram SRT Pickup, VIN 1D7HA18257S120375*, 858 F. Supp. 2d 1194, 1199 (D. Colo. 2012) (holding currency that is the proceeds of drug trafficking is "traceable" to the sale of a controlled substance where it can be traced "to drug trafficking generally," and there is no need to trace the currency to a particular drug transaction).

enforcing this judgment would require actions that federal law forbids.

### C. Plaintiff's Fraudulent Transfer and Veil Piercing Claims Are Not a Backdoor to Circumvent Illegality.

Plaintiff attempts to avoid the illegality of the judgment by shifting focus to fraudulent transfer and corporate veil-piercing claims, as if these claims exist independently of the judgment itself.[17] This argument is unpersuasive because Plaintiff's fraudulent transfer and veil-piercing theories are *entirely* derivative of the judgment—they are enforcement mechanisms designed to recover assets to satisfy a judgment that is itself void.[18] A claim that seeks to enforce a judgment requiring illegal conduct cannot be insulated from legal scrutiny simply by recasting it under a different label.

Fraudulent transfer claims exist to prevent debtors from improperly shielding assets from creditors, but they do not create an independent right to enforce an otherwise void judgment. Here, Plaintiff is not merely attempting to recover existing, lawfully acquired assets; rather, Plaintiff seeks to reach assets that would only be available if Defendants complied with the full judgment in the first place. Plaintiff's fraudulent transfer claim, therefore, is not a neutral effort to collect a lawful debt but rather a thinly-veiled attempt to compel enforcement of an illegal judgment.

Similarly, Plaintiff's reliance on corporate veil-piercing is misplaced. Piercing the corporate veil is an equitable remedy used to impose liability on individuals or affiliated entities for corporate misconduct, but it does not transform an otherwise unlawful judgment into a legally enforceable one. Even if Plaintiff were successful in piercing the corporate veil, the assets Plaintiff seeks to reach remain inextricably intertwined with an illegal business (discussed *supra* at 5).

---

[17] Dkt. 117 at p. 7.

[18] *See ADEMA Techs., Inc. v. Eiffert*, No. 13–cv–01139–CMA–BNB, 2014 WL 1099770, at *2 n.2 (D. Colo. March 19, 2014) ("[A]n action to pierce the corporate veil is not a separate and independent cause of action, but rather is merely a procedure to enforce an underlying judgment.").

6

Enforcing the judgment through veil-piercing would still require the Court to facilitate conduct prohibited under the CSA, which federal precedent prohibits.

Plaintiff's fraudulent transfer and veil-piercing claims are not independent causes of action with distinct legal significance; they are enforcement strategies wholly dependent on the validity of the underlying judgment. Because the judgment is void as a matter of law due to its entanglement with federally prohibited activity, any attempt to enforce it—whether directly or through fraudulent transfer and veil-piercing claims—must likewise fail.

### III.   CONCLUSION

For the reasons stated above, Defendants respectfully request that the Court vacate the judgment for voidness and dismiss Plaintiff's claims in their entirety.

Dated: March 12, 2025               Respectfully submitted,

                                    By: */s/ Polina M. DeClue*
                                        Polina M. DeClue
                                        BREWER, ATTORNEYS & COUNSELORS
                                        1717 Main Street, Suite 5900
                                        Dallas, Texas 75201
                                        Phone: (212) 489-1400
                                        Fax: (212) 751-2849
                                        pmd@brewerattorneys.com

                                        -and-

                                        Michael T. Maloan-OBA# 15097
                                        FOLIART, HUFF, OTTAWAY & BOTTOM
                                        201 Robert S. Kerr Avenue, 12th Floor
                                        Oklahoma City, Oklahoma 73102
                                        Telephone: (405) 232-4633
                                        Fax: (405) 232-3462
                                        michaelmaloan@oklahomacounsel.com

                                        **ATTORNEYS FOR DEFENDANTS**

**CERTIFICATE OF SERVICE**

I hereby certify that on this 12th day of March 2025, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

R. Trent Shores
Adam Doverspike
GABLEGOTWALS
110 North Elgin Avenue, Suite 200
Tulsa, Oklahoma 74120
(918) 595-4800
tshores@gablelaw.com
adoverspike@gablelaw.com

Luke A. Connelly
WINSTON & STRAWN
200 Park Avenue
New York, New York 10166
(212) 294-6882
lconnell@winston.com

                                         */s/ Polina M. DeClue*
                                         Polina DeClue